# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 10-06831-DD |
| Levorn Thompson, Sr. and Zena Thompson, | Chapter 13 |
| Debtors. | **ORDER** |

    This matter is before the Court on the chapter 13 Trustee's ("Trustee") Motion to Appoint a Guardian Ad Litem ("Motion").  No response to the Motion was filed.  A hearing was held on December 20, 2010.  For the reasons stated below, the Court finds that the appointment of a guardian ad litem for Mr. Levorn Thompson is appropriate.

    Rule 1004.1 of the Federal Rules of Bankruptcy Procedure states:

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person.  An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem.  The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

This Rule makes clear that in the event a debtor is deemed incompetent, the court must appoint a guardian ad litem to ensure the debtor's interests are protected.  A person's competence is generally determined under the incompetency laws of the state of the debtor's domicile.  *In re Whitehead*, No. 05-50136, 2005 WL 1819399, at *2 (Bankr. M.D.N.C. July 22, 2005).   South Carolina law states:

> It is not necessary to prove mental incompetence by an adjudication of incompetency.  Conversely, an adjudication of incompetency is but prima facie evidence of that fact.  Mental incompetence is established by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs.  The specific inquiry is whether one seeking to avoid

some liability on the ground of his own incompetence was capable of comprehending the nature and effect of the transaction in question.

*Grapner v. Atl. Land Title Co.,* 307 S.C. 549, 550–51, 416 S.E.2d 617, 618 (1992) (internal citations omitted).  *See also Thompson v. Moore*, 227 S.C. 417, 422, 88 S.E.2d 354, 356 (1955) ("The term 'mentally incompetent' is difficult of exact definition.  Mental incompetency 'in its ordinary meaning imports mental deficiency so great as to render one unable to comprehend or transact the ordinary affairs of life.'  It is not necessary that it be proved that the subject is a lunatic or that he has been previously adjudged insane.  It must be shown, however, by credible evidence that the subject, because of mental impairment, has become incapable of managing his own affairs, whether from age, disease, or affliction.") (internal citations omitted).  A person is not mentally incompetent simply because "he is ignorant of his legal rights."  *Rogers v. Nation By and Through Clayton*, 284 S.C. 330, 335, 326 S.E.2d 182, 185 (Ct. App. 1985).  The party alleging incompetence must prove the mental incompetency by a preponderance of the evidence.  *Grapner*, 307 S.C. at 551, 416 S.E.2d at 618; *Rogers*, 284 S.C. at 335, 326 S.E.2d at 185.

The Court finds that Trustee's proffer at the hearing regarding the events leading up to the filing of her Motion is sufficient for a finding that Mr. Thompson is incompetent to pursue his bankruptcy case.  Trustee stated that Mr. Thompson was incapable of answering basic yes or no questions posed to him by Trustee at two different Meetings of Creditors, regardless of whether these questions were spoken to him or written out for him to read.  Mr. Thompson also attempted to execute a power of attorney; however, the attorney he attempted to employ to help him do so refused due to his belief that Mr. Thompson was not competent.  This evidence is sufficient for a finding that Mr. Thompson is incapable of acting in his own best interests in his bankruptcy case; as a result, the Court must appoint a guardian ad litem to represent Mr. Thompson's interests for the duration of his bankruptcy case.

It is therefore, ORDERED that C. Jennalyn Dalrymple is appointed as guardian ad litem for Mr. Thompson for the duration of his chapter 13 bankruptcy case. In her capacity as Mr. Thompson's guardian ad litem, Ms. Dalrymple is authorized:

1. to review Mr. Thompson's Schedules and Statements and any other pleadings filed in his bankruptcy case;

2. to obtain and review Mr. Thompson's medical records;

3. to interview both Mr. and Mrs. Thompson; and

4. to make recommendations to the Court as to what is in Mr. Thompson's best interest.

Ms. Dalrymple will be compensated for her services at the rate of $200.00 per hour. Trustee is authorized to pay Ms. Dalrymple her fees as an administrative expense from available chapter 13 plan funds if, after review, Trustee determines the fees to be fair and reasonable.

AND IS IT SO ORDERED.

**FILED BY THE COURT**
**12/22/2010**



Entered: 12/22/2010

David R. Duncan
US Bankruptcy Judge
District of South Carolina